NOT DESIGNATED FOR PUBLICATION

Nos. 116,091
116,092
116,093

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY W. SHREWSBURY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DOUGLAS R. ROTH, judge. Opinion filed September 8, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY, J., and STEVEN R. EBBERTS, District Judge, assigned.

PER CURIAM: Pursuant to a guilty plea, the district court in Sedgwick County, Kansas convicted Terry Shrewsbury of a total of six charges in three unrelated cases: one count of possession of methamphetamine; four counts of forgery; and one count burglary. In accordance with the plea agreement, a total of six other charges were dismissed, and Shrewsbury was given an underlying sentence of 44 months, suspended, and 18 months of probation. Within a few months, Shrewsbury admitted to several probation violations, primarily related to drug use and failure to complete treatment. After an extended hearing

1

on the matter of sanctions, the district court revoked Shrewsbury's probation and imposed the 44-month underlying sentence. Shrewsbury appeals arguing the district court abused its discretion by revoking his probation and imposing the underlying sentence. After careful examination of the district court record, this court finds no abuse of discretion and affirms the actions of the district court.

In June 2015, Terry Shrewsbury entered a plea of guilty to a total of six charges in three unrelated Sedgwick County criminal cases: 15CR826 to one count of possession of methamphetamines, a level five drug grid nonperson felony; 15CR1080 to two counts of forgery, level eight nonperson felonies; and in 15CR1638 to two counts of forgery, level 8 nonperson felonies, and one count of burglary, a level nine nonperson felony. In exchange, a total of six other charges were dismissed; the State recommended mitigated sentences, which were to run concurrent as to counts and consecutive as to cases, and the State also recommended probation.

Prior to sentencing, Shrewsbury's appearance bond was revoked due to his being arrested in early July 2015 for two incidents of theft and one incident of driving with a suspended license. These crimes were ultimately not formally charged.

At Shrewsbury's October 2015 sentencing hearing, his criminal history score was determined to be an E based on seven nonperson felonies, one person misdemeanor, and six nonperson misdemeanors, comprised primarily of drug-related and theft-related convictions, with one battery conviction and one weapons-related conviction. The district court "reluctantly" accepted the plea agreement, sentencing Shrewsbury to an underlying sentence of 44 months, suspended, and 18 months' probation. The district court described the terms and conditions of Shrewsbury's probation, which included to successfully complete Senate Bill 123 treatment; to attend A.A. or N.A. as his treatment provider or probation officer ordered; to not possess, use, or consume alcohol or drugs; and to submit

2

to random drug and alcohol screenings. Shrewsbury was warned of the consequences for violating his probation.

In early December 2015, Shrewsbury used methamphetamine, and he used the drug several times throughout December and into January 2016. He also used marijuana on at least one occasion in January 2016. By mid-January 2016, he was discharged from Senate Bill 123 treatment for failure to comply and attend. At a February 2016 hearing on whether to revoke Shrewsbury's probation, even after being told by the district judge that he could revoke Shrewsbury's probation and send him to prison for 44 months, Shrewsbury admitted to these probation violation allegations and waived his hearing. The district court accepted Shrewsbury's waiver and found that he violated the terms and conditions of his probation as alleged. The State requested that the underlying sentence be imposed; Shrewsbury offered that he relapsed because his cousin died and requested that he be allowed to go back to treatment because he was "getting a lot out of it," but he also stated that he did not want to participate in drug court.

The district judge stated that he did not send Shrewsbury to the penitentiary at sentencing based on Shrewsbury's representation that he would follow through with treatment. The court observed that Shrewsbury had a pattern of committing crimes and victimizing the public, stores, and businesses and that his continued use of drugs made him a danger to himself. The court expressed concern that Shrewsbury committed new crimes because of his drug use and the lack of follow-through on treatment and while he was on probation or had other cases pending. The court announced its intent to revoke probation and impose the underlying 44-month prison sentence but recessed to allow the parties to research and prepare arguments on the matter; before going off the record, the judge stated numerous reasons for his intent and predicted that if the court did not impose the underlying sentence, Shrewsbury would be back in court again within a couple of months for new violations.

In March 2016, the probation revocation hearing reconvened, and after listening to arguments on both sides, the court revoked Shrewsbury's probation and imposed the 44-month underlying sentence. The district court made findings in support of its determination that reinstating Shrewsbury's probation would put the public in jeopardy and would be contrary to his welfare. Those findings included: Shrewsbury's criminal history and the nature of his convictions, which include alcohol and drug-related offenses; the short period of time between his court appearances and relapses; the short period of time between his court appearances and new arrests and charges; his inability to follow through on his own stated desire to get treatment; that many of his crimes are accomplished to generate funds to finance his addiction, which harms the public, *e.g.*, individuals, shops, businesses, and banks; he continues to drive without a valid license and does so at times while under the influence; his DUIs create a danger to the public as well as to himself; two of his previous crimes suggest violence (battery and the firearm convictions), which is a danger to others; he used drugs while he was supposed to be in treatment; he was discharged from treatment for noncompliance and failure to attend; his choices reflect that he is not interested in doing what is necessary to stop using drugs; and his previous periods of incarceration demonstrate that a "quick dip" or "soak" would not be effective.

Shrewsbury filed this timely appeal.

ANALYSIS

Shrewsbury contends the statutory provisions of K.S.A. 2016 Supp. 22-3716(c), regarding graduated sanctions, should have been employed by the court before imposing his underlying 44-month prison sentence for his probation violations. Specifically, Shrewsbury contends the court abused its discretion in finding that he was a danger to himself and the public and the court failed to set forth with sufficient particularity its

4

findings. Shrewsbury argues the proper remedy is to reverse the district court and order his probation be reinstated.

*Standard of Review*

The district court's imposition of the underlying prison term is reviewed for an abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or, is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the trial court abused its discretion bears the burden of showing that abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012). As discussed below, Shrewsbury has not met his burden.

*K.S.A. 2016 Supp. 22-3716(c)(9)*

A district court's decision to revoke a defendant's probation and impose the underlying prison term is discretionary unless otherwise required by statute. *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015). Whether the court abused its discretion should be considered in accordance with K.S.A. 2016 Supp. 22-3716(c)(9). Under this statute, a court may revoke probation and impose the underlying sentence without having previously imposed graduated sanctions "if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such a sanction." K.S.A. 2016 Supp. 22-3716(c)(9). In this case, the court's statutory authority is not questioned. Rather, Shrewsbury suggests that the court did not demonstrate with sufficient particularity how he posed a risk to himself and the public, contending that the judge merely cited to his history of drug abuse.

5

At the initial probation revocation hearing, and after discussion, the court announced its intent to revoke Shrewsbury's probation and impose the underlying sentence and, in doing so, articulated numerous reasons, such as Shrewsbury's drug history and criminal history; his crimes as linked to his drug and alcohol use; his health and well-being; his reluctance to adhere to probation requirements, including evaluation and treatment; and the impact of his conduct on the public. Nevertheless, the judge recessed the hearing to allow the parties to research and prepare arguments on the matter. When the hearing reconvened, after arguments, the court provided a narrative of approximately nine pages, going into even more detail regarding the court's reasons for finding that the safety of the public was in jeopardy, as was Shrewsbury's welfare, if he were returned to probation or if the court imposed a lesser sanction. The court also discussed the futility of "quick dips" and "soaks" on Shrewsbury since he had already spent months at a time in jail without the effect of changing his behavior or inspiring a commitment to rehabilitation and treatment. Shrewsbury does not indicate what additional reasons the court should have considered but argues that treatment was the more appropriate option. Mere disagreement does not amount to an abuse of discretion. See *Rojas-Marceleno*, 295 Kan. at 530-33.

Shrewsbury has failed to demonstrate that the district court abused its discretion in its imposition of his underlying sentence. The district court was not arbitrary, fanciful, or unreasonable in its decision to revoke Shrewsbury's probation for the admitted violations and impose his underlying sentence. Thus, the district court's order revoking Shrewsbury's probation and imposing his underlying 44-month prison sentence was proper.

Affirmed.

6